Royce Edmund **HERRING, II,**
Petitioner,

v.

**SUPERINTENDENT, DANVILLE CITY JAIL, Respondent.**

**Civ. A. No. 74–C–59–D.**

United States District Court,
W. D. Virginia,
Danville Division.

Nov. 19, 1974.

William H. Fuller, III, Commonwealth's Atty., Danville, Va. for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Royce Edmund Herring, plaintiff, has filed a 42 U.S.C. § 1983 action against the Superintendent of the Danville City Jail, defendant. By order of this court dated September 9, 1974, plaintiff was allowed to proceed *in forma pauperis* in this *pro se* complaint. Jurisdiction is conferred on this court by virtue of 28 U.S.C. § 1343.

Plaintiff alleges that while incarcerated in the Danville City Jail he was attacked by the jailer on duty and an inmate trusty on August 21, 1974. He alleges he was rendered unconscious by the alleged beating. He further alleges that he was denied breakfast on August 22, 1974, "by acts of omission on the part of the jailer." Finally, plaintiff alleges that he received no medical treatment after a cursory examination by a jail doctor on August 22, 1974, and that the Superintendent allows inmates to be incarcerated in cells with no plumbing or bed. Plaintiff prays that this court order a judgment in the amount of $100,000 for both punitive and compensatory damages and an additional $90,000 in special damages for the injuries received from the alleged beating.

The Danville Commonwealth Attorney has filed an answer asking for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and has enclosed affidavits from Doctor James D. Beaton, Lieutenant W. D. Rigney, Sheriff C. J. Smith, and Correctional Officer Joseph E. Booth.

Plaintiff has subsequently filed by leave of court an "Amendment to Prayer for Relief" in which he asks the court for injunctive relief against the authorities of the Danville City Jail. Since plaintiff has now been released from Danville City Prison and is presently incarcerated in the North Carolina Prison System, this request for injunctive relief will not be considered in this opinion.

The affidavit by Lieutenant Rigney states that Royce Herring was arrested on August 21, 1974, for being drunk in public and for possession of marijuana. Herring was placed in the Danville City Prison that same day. On the next day, August 22, 1974, Herring was taken by a police officer to be fingerprinted and at this time Herring complained that he had been assaulted in the jail by a trusty and a jailer. This was reported to Lieutenant Rigney by the police officer because Herring "had received an injury to his eye and two or his fingers were swollen." Lieutenant Rigney then contacted Sheriff Smith and the two examined Herring and found a red spot on his lower back but no other signs of any physical trauma were discovered and the injuries "appeared to be superficial".

Sheriff Smith by affidavit states that he and Lieutenant Rigney examined Herring and did not find any "bruises, marks, abrasions nor signs of assault of any kind on his body." However, Sheriff Smith sent for the jail physician, Dr. Beaton, in order that the doctor might examine Herring. Dr. Beaton in his affidavit avers that he examined Herring on August 22, 1974, and this examina-

tion "revealed no lacerations or contusions or any evidence of trauma."

The final affidavit was made by Joseph Booth, Correctional Officer, who apparently is the unnamed jailer who allegedly beat plaintiff. Booth states that on August 21, 1974, he was called by the matron and told that water was leaking into the kitchen from the cell area. He checked the cell area and discovered that Herring's cell was flooded. Booth then awakened a trusty to clean up Herring's cell (apparently Herring had stopped up his commode causing it to flood). Booth moved Herring to an adjoining cell, and the trusty began to mop up the water. While the trusty was mopping the floor, Herring began throwing water upon the trusty by means of a paper cup. Booth went to Herring's cell to confiscate the cup, when "Herring drew back his fist to strike me and the trusty hit him." No more blows were landed. Herring was left in the cell with no facilities for the remainder of the night because of his behavior. He was on the breakfast list for the next morning.

After reviewing the file containing the various pleadings and affidavits, this court finds that Royce Herring was hit by a trusty and did receive a superficial injury to his eye; that this injury was superficial and was caused by Herring's provocation; that he was not denied medical attention, but instead received an examination from Dr. Beaton; that his claim as to not receiving breakfast on August 22, 1974, does not raise any constitutional issue; and that his incarceration in a cell without plumbing was not cruel and unusual due to the circumstances surrounding such incarceration.

Therefore, the court concludes that this suit should be dismissed pursuant to Rule 56 of the Federal Rules of Civil Procedure. The fact that plaintiff was hit by another inmate after provocation is not actionable under 42 U.S.C. § 1983, and the remainder of plaintiff's allegations do not rise to constitutional proportions. The court grants defendant's motion for summary judgment and orders this action dismissed.

Plaintiff is notified that he may appeal this judgment to the United States Court of Appeals for the Fourth Circuit within thirty (30) days.